UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JASON DEAL and ROBERT LAHR,

                              Plaintiffs,              07-CV-6497

            v.                                         **DECISION
                                                       and ORDER**

SENECA COUNTY, a municipal corporation,
the SENECA COUNTY SHERIFF'S DEPARTMENT,
LEO T. CONNOLLY, Individually and in
his official capacity as SENECA COUNTY
SHERIFF, the SENECA COUNTY DISTRICT
ATTORNEYS OFFICE, RICHARD SWINEHART,
Individually and in his official capacity
as SENECA COUNTY DISTRICT ATTORNEY, JAMES
LARSON, Individually and in his Capacity
as Undersheriff of Seneca County,

                              Defendants.

---

## INTRODUCTION

    Plaintiffs Jason Deal ("Deal") and Robert Lahr ("Lahr") bring
this action pursuant to 42 U.S.C. § 1983 against defendants Seneca
County, the Seneca County Sheriff's Department ("Sheriff's
Department"), Seneca County Sheriff Leo T. Connolly, ("Connolly"),
the Seneca County District Attorney's Office ("SCDA"), Seneca County
District Attorney Richard Swinehart, ("Swinehart"), and Seneca County
Undersheriff James Larson, ("Larson"), claiming that the defendants
violated their rights under the Fourth Amendment, the Fourteenth
Amendment Due Process Clause (procedural and substantive), and the
Equal Protection Clause of the United States Constitution. Plaintiffs
allege that Connolly, Larson and Swinehart used their offices to
conduct a campaign of harassment and intimidation against the
plaintiffs with the goal of causing them bodily harm and forcing them

to resign from their jobs. According to the plaintiffs, the defendants engaged in this activity in an attempt to prevent plaintiffs from conducting a criminal investigation of the defendants; prevent the plaintiffs from testifying against the defendants; and to discredit the plaintiffs in the event that the plaintiffs did attempt to testify against them.

By Decision and Order dated May 8, 2008, I dismissed plaintiffs Fourth and Fourteenth Amendment Claims on grounds that plaintiffs' allegations failed to state a claim upon which relief may be granted.[1] I further dismissed plaintiffs' claims for intentional infliction of emotional distress as against Senenca County, the Seneca County Sheriff's Department, and Larson. Plaintiffs now seek to amend the Complaint to add a cause of action against all defendants for violations of plaintiffs' First Amendment rights. Specifically, plaintiffs allege that the defendants attempted to stifle plaintiffs' rights to speak on matters of public concern by harassing, intimidating, and retaliating against the plaintiffs.

The defendants oppose plaintiffs' motion to amend on grounds that such an amendment would be futile. Further, the defendants move to dismiss plaintiffs' Equal Protection claims on grounds that plaintiffs' have failed to state a claim for a violation of their rights to equal protection.

---

[1] Although only defendants Senenca County, the Seneca County Sheriff's Department, and Larson moved to dismiss plaintiffs' constitutional claims, because plaintiffs' constitutional claims fail to state a claim against any defendant, those claims are dismissed as to all defendants.

For the reasons set forth below, I grant in-part and deny-in part plaintiffs' motion to amend the Complaint, and grant defendants' motion to dismiss plaintiffs' Equal Protection Claims.

## **BACKGROUND**

The relevant facts of this case were set forth in my May 8, 2008 Decision and Order.  In summary, plaintiffs Jason Deal and Robert Lahr are employed as criminal investigators for the Seneca County Sheriff's Department.  Lahr claims that in the mid-1990s, he investigated one of Seneca County's vendors to determine whether or not the vender was overcharging the County.  Lahr claims that the vender was operated by a friend of Seneca County Undersheriff James Larson and Former Seneca County Sheriff Tom Fox,  and that when Fox learned of the investigation, he threatened to fire Lahr, and ordered him to stop investigating the matter.  Lahr further contends that the evidence he collected pursuant to the investigation was taken by Larson and moved to a warehouse, which warehouse burned down two-weeks later under allegedly suspicious circumstances.

Plaintiffs contend that in December 2005, they investigated Larson, Deputy Sheriff Josh Zona ("Zona") and other deputy sheriffs relating to alleged thefts of property from the Sheriff's Department. Plaintiffs contend that Sheriff Connolly ordered plaintiffs not to interview Larson or Zona, and ordered plaintiffs not to any make arrests.

Plaintiffs contend that as a result of their investigations, defendants Connolly, Swinehart and Larson have actively campaigned to

harass and discredit them in order to get them fired or force them off their jobs as criminal investigators for the Sheriff's Department. Specifically, plaintiffs allege that the campaign of harassment included, <u>inter alia</u>, surveillance of the plaintiffs and their families, denial of overtime opportunities; assignment to unfavorable work assignments; and the bringing of unfair and unwarranted disciplinary actions against them.

### **DISCUSSION**

### I.  **Defendants' Motions to Dismiss**

Defendants move to dismiss plaintiffs' cause of action for violation of plaintiffs' equal protection rights in light of the recently-decided Supreme Court case of <u>Engquist v. Oregon Department of Agriculture</u>, ____ U.S. ____, 128 S.Ct. 2146 (2008) which clarified that the "class-of-one" theory of equal protection liability does not apply in the public employment context.  Because plaintiffs' equal protection claims were premised on the "class-of-one" theory, defendants contend that plaintiffs equal protection claims must be dismissed.  Plaintiffs concede that their claims are no longer viable in light of <u>Engquist</u>.  Accordingly, I grant defendants' motion to dismiss.

### II.  **Plaintiffs' Motion to Amend**

Plaintiffs move to amend the Complaint to add causes of action based on the defendants' alleged violation of plaintiffs' First Amendment rights.  Specifically, plaintiffs allege that they were "singl[ed] out" by the individual defendants in retaliation for

speaking out on matters of public concern, and that defendants Seneca County, the Seneca County Sheriff's Department, and the Seneca County District Attorney's office retaliated against them for exercising their First Amendment Rights.

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend an answer "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts will generally allow amendments to pleadings where the amendment will not prejudice the opposing party. See, Rachman Bag Co. v. Liberty Mutual Ins. Co., 46 F.3d 230, 234 (2d Cir. 1995). However, leave to amend a pleading may be denied where the claim sought to be added is without merit or futile. Fiske v. Church of St. Mary of the Angels, 802 F.Supp. 872, 877 (W.D.N.Y. 1992).

Here, I find that plaintiffs' proposed Second Cause of Action states a claim upon which relief may be granted against defendants Connolly and Larson. It is well-established that the First Amendment protects the right of a public employee to speak-out without fear of reprisal on issues of public concern, Frank v. Relin , 1 F.3d 1317 (2nd Cir., 1993). To state a claim for the violation of a first amendment right, the employee must establish that "(1) [he] engaged in constitutionally protected speech because [he] spoke as [a] citizen[] on a matter of public concern; (2) [he] suffered an adverse employment action; and (3) the speech was a 'motivating factor' in the adverse employment decision." Skehan v. Village of Mamaroneck, 465 F.3d 96, 106 (2nd Cir., 2006)(citing Gronowski v. Spencer, 424

F.3d 285, 292 (2d Cir.2005); <u>Sheppard v. Beerman</u>, 94 F.3d 823, 827 (2d Cir.1996)).  An adverse employment action includes activity that might well dissuade a "reasonable employee from attempting to exercise his or her first amendment rights." <u>See</u> <u>Zelnik v. Fashion Institute of Technology</u>, 464 F.3d 217, 227 (2nd Cir. 2006)(citing <u>Burlington Northern and Santa Fe Ry. Co. v. White</u>, 548 U.S. 53, (2006).

In the instant case, the plaintiffs' have alleged that they spoke as private citizens on matters of public concern, and that they were"singl[ed] out" for engaging in such conduct.  Although plaintiffs' second cause of action does not specifically state how they were singled out, reference to the proposed Amended Complaint reveals that the plaintiffs claim that the individual defendants gave the plaintiffs poor work assignments, conducted surveillance of the plaintiffs, attempted to get the plaintiffs fired, denied plaintiffs overtime opportunities, made false accusations against the plaintiffs, and attempted to have false criminal charges brought against them.  Such claims, viewed in the light most favorable to the plaintiffs state a claim for retaliation.   I therefore grant plaintiffs' motion to amend with respect to plaintiffs' proposed Second Cause of Action against defendants Connolly and Larson.

With respect to defendant Swinehart, plaintiffs have failed to allege that Swinehart took any adverse employment action against them, and therefore, I deny plaintiffs' motion to amend without prejudice as to Swinehart.

Plaintiffs' Proposed Fifth Cause of Action alleges that defendants Seneca County, the Seneca County Sheriff's Department, and the Seneca County District Attorney's office violated plaintiffs' First, Fourth, and Fourteenth Amendment Rights. This Court has previously dismissed plaintiffs' causes of action under the Fourth and Fourteenth Amendments, and therefore, I deny plaintiffs' motion to amend with respect to their Fourth and Fourteenth Amendment Claims.

Plaintiffs' claim in their proposed Fifth Cause of Action that Seneca County, the Seneca County Sheriff's Department, and the Seneca County District Attorney's office retaliated against them for speaking as private citizens on matters of public concern, thereby violating their First Amendment Rights. Defendants move to dismiss this claim on grounds that the speech engaged in by the plaintiffs was not private speech, but instead, was speech made pursuant to their official duties. However, whether or not the speech engaged in by the plaintiffs was made pursuant to their official raises questions of fact which may not properly be resolved in a motion to dismiss. See Hoover v. Co. of Bloome, 2008 WL 1777444 at *4 (whether or not plaintiff's speech was made pursuant to official duties is a mixed question of law and fact involving a "fact intensive inquiry.") I grant plaintiffs' motion to amend with respect to defendants Seneca County and the Seneca County Sheriff's Department.

Defendant Seneca County District Attorney's office moves to dismiss plaintiffs' retaliation claim on grounds that because the

District Attorney's office was not plaintiffs' employer, it can not, as a matter of law, be found to have taken an <u>employment</u> action against the plaintiffs, and therefore, can not be held liable for any alleged retaliation taken against the plaintiffs.  As stated above, for a plaintiff to establish a prima facie case of retaliation for exercise of first amendment rights, the plaintiff must demonstrate that he or she was subjected to an adverse employment action. Because plaintiffs are not employees of the Seneca County District Attorney's Office, plaintiffs can not establish that this defendant took any adverse employment action against them, and therefore I deny without prejudice plaintiffs' motion to amend to include a cause of action sounding in retaliation against defendant Senenca County District Attorney's Office.

<u>**CONCLUSION**</u>

For the reasons set forth above, I grant defendants' motion to dismiss plaintiffs' Equal Protection claims.  In light of this Decision and Order, and the court's May 8, 2008 Decision and Order, all claims, with the exception of plaintiffs' claims for intentional infliction of emotional distress against defendants Connolly, Swinehart, and the Seneca County District Attorney's Office, contained in the Original Complaint have been dismissed.

I grant in-part plaintiffs' motion to amend the Complaint. Plaintiffs may amend the Complaint to include a cause of action against defendants Connolly, Larson, Seneca County and the Seneca County Sheriff's Department based on alleged retaliation in violation

of plaintiffs' First Amendment rights.  Plaintiffs' motion to amend to include claims of retaliation against defendants Swinehart and the Seneca County District Attorney's office for the violation of their First Amendment rights, (as set forth in plaintiffs' Second and Fifth Causes of Action of the Proposed Amended Complaint) is denied without prejudice.  Plaintiffs shall file an Amended Complaint within 20 days of the date of this order, and such Amended Complaint shall not include any cause of action that has been previously dismissed with prejudice by this court.

**ALL OF THE ABOVE IS SO ORDERED.**

s/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge


Dated:    Rochester, New York
          February 26, 2009