```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
___

JASON DEAL and ROBERT LAHR,

                    Plaintiffs,        07-CV-6497

        v.                            **DECISION
and ORDER**

SENECA COUNTY, a municipal corporation,
the SENECA COUNTY SHERIFF'S DEPARTMENT,
LEO T. CONNOLLY, Individually and in
his official capacity as SENECA COUNTY
SHERIFF, the SENECA COUNTY DISTRICT
ATTORNEYS OFFICE, RICHARD SWINEHART,
Individually and in his official capacity
as SENECA COUNTY DISTRICT ATTORNEY, JAMES
LARSON, Individually and in his Capacity
as Undersheriff of Seneca County,

                    Defendants.
___

**INTRODUCTION AND BACKGROUND**

Plaintiffs Jason Deal ("Deal") and Robert Lahr ("Lahr") (collectively "plaintiffs") originally brought this action pursuant to 42 U.S.C. §1983 against defendants Seneca County, the Seneca County Sheriff's Department ("Sheriff's Department"), Seneca County Sheriff Leo T. Connolly, ("Connolly"), the Seneca County District Attorney's Office ("SCDA"), Seneca County District Attorney Richard Swinehart, ("Swinehart"), and Seneca County Undersheriff James Larson, ("Larson"), claiming that the defendants violated their rights under the Fourth Amendment, the Fourteenth Amendment Due Process Clause (procedural and substantive), and the Equal Protection Clause of the United States Constitution. By Decision and Order dated May 8, 2008 ("May 8 Decision") this Court dismissed the plaintiffs' Fourth and Fourteenth Amendment claims as well as plaintiffs' claims

of Intentional Infliction of Emotional Distress against Seneca County, the Sheriff's Department and Larson. See Doc.#26.

Subsequently, plaintiffs filed a motion to amend the complaint to add a cause of action against all defendants for violation of plaintiffs' First Amendment rights. See Doc. #46. By Decision and Order dated February 26, 2009 ("February 26 Decision") this Court granted in-part plaintiffs' motion to amend the Complaint to include a cause of action against Connolly, Larson, Seneca County and the Sheriff's Department based on alleged retaliation in violation of plaintiffs' First Amendment rights. See Doc.#61. The February 26 Decision further ordered that "[p]laintiffs shall file an Amended Complaint within 20 days of the date of this order[.]" See id. Plaintiffs failed to file an Amended Complaint within twenty days of the date of the February 26 Decision. As such defendants Connolly, Larson, Seneca County and the Sheriff's Department (collectively "Moving Defendants") have filed separate motions to preclude plaintiffs from amending the Complaint and/or motion to dismiss the action for plaintiffs' for failure to timely amend the Complaint pursuant to the February 26 Decision. See Doc.#s 62, 67, 68.

Moving Defendants argue that more than twenty days has elapsed since the February 26 Decision and plaintiffs essentially have not complied with the Court's order. A day after defendant Connolly filed his motion to preclude plaintiffs from filing the Amended Complaint, plaintiffs filed an affirmation in opposition to the motion as well as the Amended Complaint. See Doc.#s 63, 65. In addition, plaintiff

has also opposed the other Moving Defendants' submissions by filing a memorandum of law. See Doc.#73. For the reasons set forth below, I deny the Moving Defendants' motions to preclude and/or dismiss the Complaint.

**DISCUSSION**

### I. Standards

Dismissal for failure to comply with a court order is a matter to be decided at the discretion of the district court. See Harding v. Fed. Reserve Bank of N.Y., 707 F.2d 46, 50 (2d Cir.1983) (internal citation omitted); Romandette v. Weetabix Co., Inc., 807 F.2d 309, 312 (2d Cir.1986). The Second Circuit has repeatedly warned that dismissal is a drastic measure and only to be used in extreme circumstances. See Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir.1993) ("We have repeatedly emphasized that 'dismissal is a harsh remedy to be utilized only in extreme situations[.]'") (quoting Gibbs v. Hawaiian Eugenia Corp., 966 F.2d 101, 109 (2d Cir.1992)); Harding, 707 F.2d at 50 (dismissal is a "harsh remedy to be utilized only in extreme situations"); Merker v. Rice, 649 F.2d 171, 173-74 (2d Cir.1981) (dismissal is "an especially drastic remedy").

In analyzing whether to dismiss a plaintiff's case, a district court considers several factors, none of which is individually determinative: (1) the duration of plaintiff's failures; (2) whether plaintiff was on notice that a failure to comply would result in dismissal; (3) whether defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's

interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether lesser sanctions would remedy any prejudice resulting from plaintiff's inaction. See United States ex rel Drake v. Norden Systems, 375 F.3d 248, 254 (2d Cir.2004); Martens v. Thomann, 273 F.3d 159, 180 (2d Cir.2001); LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir.2001) (citing Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir.1988)).

## II. **Application and Analysis**

### 1. **Duration**

In applying the first factor, the duration of the failures, the district court should determine "(1) whether the failures...were those of the plaintiff, and (2) whether these failures were of significant duration." Drake, 375 F.3d at 255 (citing Martens, 273 F.3d at 180). The Second Circuit has instructed that failure to comply with a court order "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir.1982). Here, plaintiffs appear to have complied with the Court's prior orders to the extent possible and there is no evidence showing that plaintiffs have repeatedly failed to comply with this Court's prior orders except for the February 26 Decision. The Court also finds that plaintiffs' failures have not been of significant duration. The Court ordered plaintiffs to file an amended complaint within twenty days of February 26, 2009. However,

plaintiffs failed to adhere to the deadline and filed their amended complaint on May 12, 2009. Accordingly, the duration of plaintiffs' failures is approximately eight weeks and this delay does not satisfy the duration prong. Thus, this factor weighs against dismissal.

### 2. Notice

The Second Circuit requires that the plaintiff receive adequate notice that the case could be dismissed due to failure to comply or inaction. See Martens, 273 F.3d at 180-81; Drake, 375 F.3d at 255. When the Court issued its February 26 Decision, it allowed plaintiffs to file an amended complaint within twenty days of the date of the order. However, the Court did not notify plaintiffs that a failure to timely amend would or could result in the dismissal of their case. See Doc.#61. Consequently, this factor weighs against dismissal.

### 3. Prejudice

The third element requires that the Court consider the prejudice of any further delay to the defendants. In deciding this factor, the Court must assess "whether defendants are 'likely to be prejudiced by further delay.'" Drake, 375 F.3d at 256 (quoting Martens, 273 F.3d at 180). Where the delay is unreasonable, prejudice may be presumed as a matter of law. See Shannon v. Gen. Elec. Co., 186 F.3d 186, 195 (2d Cir.1999) (citing Lyell, 682 F.2d at 43). This is generally because "delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult." See id. (citing Romandette, 807 F.2d at 312). In addition "[p]rejudice to defendants resulting from

unreasonable delay may be presumed...but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." Lyell, 682 F.2d at 43 (citations omitted).

Plaintiffs contend that Moving Defendants have not offered how they have been prejudiced by plaintiffs' delay. See Pl. Br. at 6. Moving Defendants argue that there is no requirement that they show prejudice and cite Lopez v. Catholic Charities of Archdiocese of New York, 2000 WL 1725029 (S.D.N.Y.2000). See Connolly Reply Affirmation, ¶¶4-5. This Court disagrees. As previously discussed, plaintiffs' delay in filing the amended answer was "more moderate" and as such defendants' "need to show actual prejudice is proportionally greater." See Lyell, 682 F.2d at 43. Here, the Moving Defendants have not demonstrated actual prejudice. Other than filing the current motions to preclude and/or dismiss, there is no evidence in the record that the Moving Defendants have wasted valuable resources writing letters, speaking on the telephone or engaging in discussions with plaintiffs who have made no effort to cooperate in any of these situations. Prior to the untimely filing of the amended complaint, it cannot be said that plaintiffs have been inactive in their lawsuit. Accordingly, this factor weighs against dismissal.

**4. Balancing the Court's Calendar and the Parties' Rights**

The fourth element requires an analysis of "whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard...." LeSane, 239 F.3d at 209; Martens, 273

F.3d at 180; Drake, 375 F.3d at 257 (In deciding this factor, the Court must strike a "balance between district court calendar congestion and the plaintiff's right to an opportunity to be heard") (citations omitted); see also Merker, 649 F.2d at 174 ("a court must not let its zeal for a tidy calendar overcome its duty to do justice"); Bhandari v. Bittner, 2008 WL 314499, at *3-4 (W.D.N.Y.2008) (dismissing plaintiff's claim where plaintiff's inaction for approximately three years forced the court to unnecessarily set an extended discovery period). The Second Circuit has instructed that "[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." Lucas v. Miles, 84 F.3d 532, 535-36 (2d Cir.1996).

Here, as in LeSane, plaintiffs' failure to comply with the February 26 Decision and timely file an amended complaint has been "silent and unobtrusive rather than vexatious and burdensome." See LeSane, 239 F.3d at 210. As such, there is no "extreme effect on court congestion" present here. In addition, Moving Defendants have not alleged any effect on the Court's calendar as a result of plaintiffs' delay in complying with the Court's February 26 Decision. Therefore, the Court finds that the fourth factor militates against dismissing plaintiffs' claims at this time.

### 5. Consideration of Lesser Sanctions

The fifth and last factor to be examined is whether lesser sanctions would be sufficient to remedy any prejudice resulting from

plaintiff's delay. See Drake, 375 F.3d at 257 (fifth factor Court must consider in deciding whether to dismiss case is "whether lesser sanctions would have been sufficient to remedy any prejudice resulting from plaintiff's delay") (citing Martens, 273 F.3d at 182). As noted above, dismissal is an extreme sanction. See Harding, 707 F.2d at 50. Indeed, "[t]he remedy is pungent, rarely used, and conclusive. A district judge should employ it only when he is sure of the impotence of lesser sanctions." Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 665 (2d Cir.1980) (dismissing plaintiff's claim where the behavior of plaintiff and his counsel was "dilatory, obstreperous, and resolute"). Here, plaintiffs have certainly delayed their compliance with their amended complaint obligations, but there has been no prejudice shown to Moving Defendants or to the district court's calendar. In addition, if the Court grants Moving Defendants' motions to dismiss and preclude, plaintiffs' remaining claims would be ostensibly dismissed. Such a penalty is especially harsh given that plaintiffs have timely responded and fully cooperated to previous requests by this Court. Accordingly, in light of this Court's finding that the Moving Defendants have suffered no actual prejudice, the Court finds that complete dismissal is not warranted at this time. The Second Circuit clearly supports dismissal in extreme circumstances, and this case is not extreme. Consequently, the Court permits *nunc pro tunc* the filing of plaintiffs' Amended Complaint effective May 12, 2009. However, should plaintiffs fail in the future to comply with any other orders issued by this Court, the

plaintiffs are cautioned that sanctions may be imposed. Defendants shall have 20 days from the date of this order to Answer or otherwise respond to the Amended Complaint.

**CONCLUSION**

For the reasons set forth above, Moving Defendants Connolly, Larson, Seneca County and the Sheriff's Department's motions to preclude plaintiffs from amending the Complaint and/or motion to dismiss the action for plaintiffs' for failure to timely amend the Complaint pursuant to the February 26 Decision (see Doc.#s 62, 67, 68) are denied. The Court permits *nunc pro tunc* the filing of plaintiffs' Amended Complaint effective May 12, 2009. Defendants shall have 20 days from the date of this order to Answer or otherwise respond to the Amended Complaint.

**ALL OF THE ABOVE IS SO ORDERED.**

    s/Michael A. Telesca
    MICHAEL A. TELESCA
    United States District Judge

Dated:    Rochester, New York
          October 15, 2009